IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GARY RISELY, Individually,**
**and THE RISELY LAW FIRM, P.C.,**

       **Plaintiffs,**

vs.                                                            **No. CIV 11-0251 RB/RHS**

**SOVEREIGN BANK, INC., a**
**Pennsylvania Corporation; and THE**
**CITIZEN'S BANK, INC., a New**
**Mexico Corporation.**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Sovereign Bank's Motion to Dismiss (*doc. 21*), Defendant Citizen's Bank's Motion to Dismiss (*doc. 22*), Plaintiffs' Motion to Dismiss (*doc. 26*), and Defendant Citizen's Bank's Motion for Attorney Fees and Costs (*doc. 29*). Because I find that Defendants would not be prejudiced by a dismissal of Plaintiffs' claims without prejudice, I grant Plaintiffs' Motion to Dismiss and deny as moot Defendants' motions for dismissal. Moreover, because I find that Defendant Citizen's Bank has not demonstrated that Rule 11 sanctions are appropriate, I deny its Motion for Attorney Fees and Costs.

**I.      Background**

On December 21, 2009, Gary Risley, either on his own behalf or that of his co-plaintiff, The Risley Law Firm, P.C., deposited a cashier's check at The Citizen's Bank in Farmington, New Mexico. *Doc. 1* at 2. The cashier's check was ostensibly issued by Sovereign Bank in the amount of $350,700. *Id.* at Exh. A. On December 23, 2009, Sovereign Bank identified the check as a counterfeit and consequently dishonored it. *Id.* at 3. That information, however, was

not immediately conveyed to Plaintiffs. Indeed, sometime on or before January 6, 2010, Mr. Risley contacted Citizen's Bank to confirm that the check had cleared, and he was told that the funds were beyond the seven day holding period and were "safe to send." *Id.* at 3. Presumably relying on this information, Mr. Risley then initiated an overseas wire transfer of the funds to an unidentified party minus a $10,000 retainer fee. *Id.* at 2-3. Due to a number of allegedly negligent actions on behalf of both banks, Mr. Risley was not informed that the check had been dishonored until after his wire transfer was completed on January 14, 2010. *Id.* at 3. Ultimately, Citizen's Bank was not able to recover the funds for the counterfeit check, and, in February of 2010, it charged back the $350,700 against Mr. Risley's or his firm's trust account.[1] *Id.* at 4.

Mr. Risley and his firm brought this action in federal court on March 22, 2011. *Doc. 1*. In their Complaint, Plaintiffs assert that Defendants' mishandling of the counterfeited check violated several federal statutes and regulations, and that those violations support claims against both Defendants for negligence. *Id.* at 4-7. In lieu of answering, Defendants filed separate motions to dismiss arguing that the Court lacks jurisdiction to hear the case. *Docs. 21, 22*. Plaintiffs responded in opposition to those motions but also filed their own Motion to Dismiss seeking a dismissal without prejudice to allow Plaintiffs the opportunity to bring their case in state court. *See docs. 26-28*. Plaintiffs' motion notes that counsel for both Defendants were contacted and refused to consent to Plaintiffs' motion. *Doc. 26.* Nevertheless, to date, Defendant Sovereign Bank has not responded to Plaintiffs' motion, and although Defendant Citizen's Bank did respond, in its filing it noted that it did not oppose the sought dismissal. *Doc. 30.* Instead, Citizen's Bank requested that the Court consider its Motion for Attorney Fees and

---

[1] When discussing the account affected by the charge back, the Complaint refers interchangeably to "the firm's trust account," and "Risley's trust account." *See doc. 1 at 4*.

Costs, which it filed the same day. *Docs. 29, 30.* Plaintiffs, naturally, oppose the motion for fees and costs. *Doc. 33*.

**II.     Analysis**

     A.     *Defendants Do Not Oppose Dismissal of Plaintiffs' Claims Without Prejudice*

Defendant Citizen's Bank stated in its response to Plaintiffs' Motion to Dismiss that it "does not oppose Plaintiffs' Motion to Dismiss with the Court's consideration of Citizen's Rule 11 Motion for attorney's fees and costs." *Doc. 26* at 1. Because I consider Citizen's Bank's Rule 11 motion in this order, I find that Citizen's Bank's consent to Plaintiffs' motion is now unqualified. Defendant Sovereign Bank did not respond to Plaintiffs' motion. Under our Local Rules "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b); *see also Carl Kelley Const. LLC v. Danco Techs*, No. CIV 08-0379 JB/RPL, 2010 WL 965735, at *2 (D.N.M. Feb. 28, 2010) (finding a plaintiff's motion to dismiss without prejudice unopposed where defendants failed to timely file a written response). Thus, I find that Plaintiffs' Motion to Dismiss their claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) is fully unopposed.

     B.     *Voluntary Dismissal is Appropriate*

"Unless the plaintiff seeks to dismiss an action before the defendant files an answer or all parties stipulate to dismissal, 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Vanguard Envtl, Inc. v. Kerin*, 528 F.3d 756, 759 (10th Cir. 2008) (citing Fed.R.Civ.P. 41(a)(2)). "The rule is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted). "Absent 'legal prejudice' to the defendant, the district court normally

3

should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

Moreover,

> Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff."

*Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (internal citations omitted).

Defendants will not be prejudiced by a dismissal without prejudice of Plaintiffs' claims. This is not a case involving Plaintiffs' excessive delay and lack of diligence. Plaintiffs filed the Complaint on March 22, 2011. *Doc. 1*. In lieu of answers, both Defendants filed motions to dismiss in mid to late May. *Docs. 21, 22*. Plaintiffs filed their motion for voluntary dismissal and sought Defendants' consent in the motion before timely filing responses to Defendants' motions. *See docs. 26-28*. By filing their motion for voluntary dismissal first, Plaintiffs put Defendants on notice that they need not invest additional time in drafting reply briefs for their own motions to dismiss. Moreover, this case is in an early stage of litigation. No initial scheduling conference has been set and discovery has not begun. On the other hand, Plaintiffs' explanation for the need for dismissal, merely noting that it made the decision to refile the suit in state court (*doc. 31* at 1), is less than satisfactory. *See Phillips USA, Inc.*, 77 F.3d at 358 ("[A] party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice."). Not all factors must be found in favor of the moving party, however, *Ohlander*, 114 F.3d at 1537, and especially in light of the fact that Defendants have

consented to Plaintiffs' motion, I find that the balance of the factors favors a finding of no prejudice. Therefore, I grant Plaintiffs' Motion to Dismiss. *Doc. 26.*

*Defendant Citizen's Bank's Motion for Fees Under Rule 11 is Denied*

In its Motion for Attorney Fees and Costs pursuant to Fed. R. Civ. P. Rule 11(c)(2), Citizen's Bank argues that it is entitled to the costs and fees associated with analyzing Plaintiffs' Complaint, drafting and filing its Motion to Dismiss, and drafting and filing its Motion for Attorney Fees "because Plaintiffs' [sic] never performed a reasonable inquiry into whether this action was proper in federal court because a federal question was present." *Doc. 29* at 4. Further, Defendant notes that between May 12 and May 25, 2011, it contacted Plaintiffs' counsel by phone and email on multiple occasions to ask counsel for support for their assertion that federal jurisdiction was proper. *Doc. 29 at 1-3.* When counsel could not give Defendant a satisfactory answer and then did not respond to later emails/phone calls, Defendant filed its Motion to Dismiss on May 31, 2011. *Doc. 22.* On June 13, 2011, Plaintiffs filed their Motion to Dismiss (*doc. 26*), and on June 21, 2011, Defendant filed its Motion for Attorney Fees. *Doc. 29*.

Plaintiffs oppose the motion for fees on both substantive and procedural grounds. They argue that their Complaint was not frivolously filed in federal court because even though both counts in the Complaint make state law negligence and negligence per se claims, resolution of those state-created causes of action turn on a substantial question of federal law. *Doc. 33* at 2, 4. Moreover, they argue that sanctions under Rule 11 would be improper because Defendant has not satisfied the rule's "safe harbor" provision. *Id.* at 3, 5. Because I agree that Defendant has failed to comply with Rule 11's safe harbor provision and that such failure prevents the imposition of sanctions, I need not address the issue of whether Plaintiffs' Complaint was frivolously filed.

The "safe harbor" provisions of Rule 11(c)(2) provide that a motion for sanctions "must be served . . . but it must not be filed or be presented to the court" unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, or denial has not been "withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(2). Plaintiffs assert that Citizen's Bank did not comply with this provision but rather filed the motion with the Court on the same day it was served on Plaintiffs. *Doc. 33* at 5. Defendant did not file a reply brief and, therefore, did not counter Plaintiffs' safe harbor argument or factual assertions regarding this issue.

"The safe harbor provisions were intended to protect litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formalize procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourage the withdrawal of papers that violate the rule without involving the district court." *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (internal quotations omitted). Compliance with the safe harbor provision is mandatory; failure to comply is a basis for denying a Rule 11 motion, and warning letters are not an adequate substitute for early service of the motion itself. *Id*. Finally, the ultimate goal of Rule 11 is "deterrence, rather than compensation." *Hutchinson v. Pfeil,* 208 F.3d 1180, 1183 (10th Cir. 2000) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)).

It is clear from the evidence before the Court that Citizen's Bank did not comply with the safe harbor provision of Rule 11. Although Defendant sent Plaintiffs emails and voice mails warning that it would seek fees if Plaintiffs did not articulate their arguments for federal jurisdiction, those messages do not satisfy the early service requirement of Rule 11. *Roth v. Green*, 466 F.3d at 1192. Moreover, it is clear that the purpose of Rule 11 sanctions was thwarted. Plaintiffs had already moved for voluntary dismissal by the time Citizen's Bank filed

its motion for fees.  *Doc. 26.*  Thus, the offending contention was already "appropriately corrected" before the motion for fees was served or filed.  See Fed. R. Civ. P. Rule 11(c)(2); *see also AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir. 1997) ("Because Vernon Estes did not move for Rule 11 sanctions until after AeroTech had moved to dismiss its claims against him, we agree with the magistrate's conclusion that Rule 11's cure provision prevents Vernon Estes from seeking sanctions.").  Since no deterrent is necessary under the current circumstances, granting the motion could only serve to compensate Defendant for its trouble.  Thus,  Rule 11 sanctions would be inappropriate.  *See Hutchinson,* 208 F.3d at 1183.

**THEREFORE,**

**IT IS ORDERED** that  Plaintiffs' Motion to Dismiss (*doc. 26*) is GRANTED, Defendant Sovereign Bank's Motion to Dismiss (*doc. 21*) is DENIED as moot, Defendant Citizen's Bank's Motion to Dismiss (*doc. 22*) is DENIED as moot, and Defendant Citizen's Bank's Motion for Attorney Fees and Costs (*doc. 29*) is DENIED.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**